# Exhibit A

**BOKHOUR LAW GROUP, P.C.**
Mehrdad Bokhour (SBN: 285256)
*mehrdad@bokhourlaw.com*
Zachary Cavanagh, (SBN: 339401)
*zach@bokhourlaw.com*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (310) 975-1493 | Fax: (310) 300-1705

**FALAKASSA LAW, P.C.**
Joshua S. Falakassa (SBN: 295045)
*josh@falakassalaw.com*
1901 Avenue of the Stars Suite 450
Los Angeles, California 90067
Tel: (818) 456-6168 | Fax: (888) 505-0868

Attorneys for Plaintiff, RONALD LEWIS

ELECTRONICALLY FILED
by Superior Court of CA,
County of Yolo,
on 9/1/2023 2:42 PM
By: M Gallegos, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF YOLO

| | |
|---|---|
| RONALD LEWIS, an individual,<br><br>Plaintiff,<br>v.<br><br>CEMEX INC., a Louisiana corporation; CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC, a Delaware limited liability company; CEMEX CALIFORNIA AGGREGATES, INC, a Delaware corporation; BERT SWARTZ, an individual; and DOES 1 through 30, inclusive,<br><br>Defendants. | CASE NO.:  CV2023-1829<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. AGE DISCRIMINATION IN VIOLATION OF FEHA;<br>2. HARASSMENT ON THE BASIS OF AGE IN VIOLATION OF FEHA;<br>3. RETALIATION IN VIOLATION OF FEHA;<br>4. WRONGFUL TERMINATION IN VIOLATION OF LABOR CODE §§ 1102.5 & 6310;<br>5. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; &<br>6. UNFAIR COMPETITION LAW.<br><br>**DEMAND FOR TRIAL BY JURY** |

-1-
**COMPLAINT FOR DAMAGES**

Plaintiff RONALD LEWIS ("Plaintiff") alleges the following causes of action against defendants CEMEX INC., CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC, CEMEX CALIFORNIA AGGREGATES, INC. (collectively, "Defendant" and/or "CEMEX"), BERT SWARTZ ("Swartz"), and Does 1 through 30 (collectively with CEMEX referred to as "Defendants") as follows:

## PARTIES

1.      Plaintiff is, and at all relevant times was, an adult male residing in Yolo County, California.

2.      Plaintiff is informed and believes and, on that basis, alleges that CEMEX, INC. is, and at all relevant times was, a corporation organized and existing under the laws of the State of Louisiana doing business in the County of Yolo, State of California.  CEMEX, INC.'S principal place of business is in Palm Beach, Florida.  Plaintiff worked for Defendants at its facility located at 30288 Highway 16, Woodland, California 95695, in Yolo County, California, as a dredger operator.

3.      Plaintiff is informed and believes and, on that basis, alleges that CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC, is, and at all relevant times was, a limited liability company organized and existing under the laws of the State of Delaware doing business in the County of Yolo, State of California.  CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC'S principal place of business is in Palm Beach, Florida.  Plaintiff worked for Defendants at its facility located at 30288 Highway 16, Woodland, California 95695, in Yolo County, California, as a dredger operator.

4.      Plaintiff is informed and believes and, on that basis, alleges that CEMEX CALIFORNIA AGGREGATES, INC. is, and at all relevant times was, a corporation organized and existing under the laws of the State of Delaware doing business in the County of Yolo, State of California.  CEMEX CALIFORNIA AGGREGATES, INC'S principal place of business is in Houston Texas.  Plaintiff worked for Defendants at its facility located at 30288 Highway 16, Woodland, California 95695, in Yolo County, California, as a dredger operator.

5.      Plaintiff is informed and believes and, on that basis alleges, that Defendant BERT SWARTZ ("Swartz"), is and at all relevant times was an individual residing in Yolo County, California. Defendant Swartz is and at all relevant times was Defendants' Superintendent at the

-2-

**COMPLAINT FOR DAMAGES**

relevant facility. Acting on behalf of CEMEX in his capacity as CEMEX's Superintendent, Defendant Swartz was personally involved in each and every cause of action lodged here against Defendants. Plaintiff is informed and believes and thereon alleges Defendant Swartz is and/or was a managing agent of CEMEX.

6.    At all relevant times, Defendants employed Plaintiff and more than five people, and as such, Defendants are and at all relevant times were an "employer" defined by the California Fair Employment and Housing Act ("FEHA").

7.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 30, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously named Defendants is legally and/or equitably responsible for the occurrences herein alleged.

8.    At all times herein mentioned Defendants, and each of them, were the agents and employees of the other Defendants, and each of them, and in doing the things hereinafter alleged, were acting in the course and scope of the agency and employment and with the permission of Defendants, and each of them.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over this matter because Plaintiff was employed and terminated by Defendants in the County of Yolo. Jurisdiction is conferred on this Court as to all causes of action as they arise under California statutory or common law.

10.    Venue is proper in the County of Yolo because Plaintiff worked for Defendants in the County of Yolo. Defendants conduct business in this County, and because a substantial part of the events and omissions giving rise to Plaintiff's causes of action occurred in this County.

11.    This Court is the proper court for purposes of trial in this action as the acts and omissions of Defendants as alleged herein were made within this Court's jurisdictional area.

## COMMON FACTUAL ALLEGATIONS

12.    In or around July 1991, Defendants hired Plaintiff. At the time of Plaintiff's termination, roughly 31-years later, Plaintiff was a dredger operator. Plaintiff was responsible for,

-3-

**COMPLAINT FOR DAMAGES**

without limitation, excavating waterways by and through operating equipment and machinery on the water to restore and/or maintain waterways by, without limitation, removing sand, gravel, or rock.

13. At all relevant times, Plaintiff successfully performed his job duties to the complete satisfaction of his managers and supervisors.

14. At all relevant times, Defendants were on notice of Plaintiff's heightened age, protected under the FEHA. Specifically, at the time of Plaintiff's termination, he was 60 years old.

15. Plaintiff is informed and believes and thereon alleges Defendants were on actual notice of his protected age and/or Defendants perceived Plaintiff to be of an age protected by the FEHA.

16. In or about January 2022, Defendant Swartz was hired by CEMEX as Superintendent. Nearly immediately thereafter, Defendants, including but not limited to Defendant Swartz and Defendants' Foreman, Tad Holland ("Mr. Holland"), openly bullied and mocked Plaintiff on account of his age and frequently told him to "hurry-up" in the mornings, taking special note of the timing of Plaintiff's bowel movements. Specifically, but without limitation, on or about July 27, 2022, Defendants' restroom stall was graffitied with reference to Plaintiff's use of the restroom.

17. At all times relevant, Plaintiff complained to Defendants' Human Resources department regarding the harassment he was subjected to on a regular basis, which Plaintiff believes and alleges was due to his protected age. However, Defendants refused to stop, prevent and/or correct any of the harassing, discriminatory and/or retaliatory treatment Plaintiff was subjected to by Defendants, including but not limited to Defendant Swartz.

18. Furthermore, Defendants, including but not limited to Defendant Swartz (Superintended) and Mr. Holland (Foreman) insisted Plaintiff not perform the daily "pre-shift inspection" of his equipment, as required by the Mine Safety and Health Administration ("MSHA") and Defendants' own policies and procedures.

19. Despite Plaintiff's complaints to Defendants regarding the same, Defendants, frequently instructed Plaintiff to forego the MSHA required "pre-shift inspection".

20. Furthermore, Defendants, including Defendant Swartz, insisted that Plaintiff forego other MSHA safety requirements related to training new employees, despite Plaintiff's complaints of

-4-
**COMPLAINT FOR DAMAGES**

the same. Specifically, and on various occasions, before Plaintiff had completed providing a new employee with the necessary training to perform the position of a dredger operator, Defendants would insist that Plaintiff sign the training completion forms—in contravention to the MSHA requirements.

21.    Additionally, on or about August 17, 2022, Plaintiff tested positive for COVID-19. Nearly immediately, Plaintiff provided his positive test results to Defendants' Foreman, Mr. Holland. In response, Mr. Holland informed Plaintiff that the test result picture provided was insufficient evidence of his having COVID-19 because it could be illegitimate. Plaintiff then contacted Defendants' Human Resources department, offering to provide a picture of the test results next to his drivers license to demonstrate its authenticity.

22.    Approximately ten days later, Plaintiff tested negative for COVID-19 and returned to work. Upon Plaintiff's return to work, Plaintiff discovered that Defendants had retaliatorily stripped Plaintiff of his designated parking spot, which was given to a younger and less senior employee.

23.    Soon thereafter, on or about October 14, 2022, Plaintiff's employment of approximately 31 years was abruptly terminated under the guise of a reduction in force. However, Plaintiff is informed and believes Defendants hired one or more new employees to perform similar job duties as Plaintiff after his termination. Furthermore, Plaintiff is informed and believes that the new employee(s) was younger than Plaintiff.

24.    Plaintiff has thus been informed and believes and thereon alleges that at or about the time of his termination, CEMEX, by and through its managing agents, directors and/or executives, including but not limited to Defendant Swartz (Superintendent) and Mr. Holland (Foreman), conveyed to Plaintiff that his termination was substantially motivated by his known and/or perceived protected age and CEMEX' perception that he was participating in protected activities including but not limited to complaining of harassment, discrimination, and/or retaliation, complaining of MSHA violations, and for requesting and taking medical leave(s) of absence(s) related to COVID-19.

25.    Plaintiff has been further informed Defendants carried out the illegal and discriminatory actions herein alleged by and through its managing agents and supervisory employees, including but not limited to Defendant Swartz (Superintendent) and Mr. Holland (Foreman), with Defendants' express and/or implicit consent, approval, authorization, encouragement and/or

-5-

**COMPLAINT FOR DAMAGES**

ratification.

26.    Finally, Plaintiff alleges that Defendants retaliated against him for requesting and taking medical leave(s) of absence(s) related to COVID-19, in violation of the FEHA. Plaintiff also alleges that his termination was in violation of California's fundamental public policy of protecting whistleblower employees.

27.    On or about September 1, 2023, Plaintiff filed with the California Department of Fair Employment and Housing ("DFEH") a complaint-charging Defendant with discrimination in violation of FEHA. On the same day, the DFEH issued Plaintiff a right-to sue letter.

## FIRST CAUSE OF ACTION

## AGE DISCRIMINATION IN VIOLATION OF FEHA

## (AGAINST ALL DEFENDANTS)

28.    Plaintiff re-alleges each and every allegation set forth in the preceding paragraphs and incorporates each by reference as set forth in full herein.

29.    At all times herein mentioned, Government Code §§ 12926.1, 12940 *et seq.* ("FEHA") were in full force and effect and binding upon Defendants.  The FEHA requires that Defendants refrain from discharging any person from employment on the basis of age.

30.    Plaintiff is, and at all times herein mentioned was, a 60-year-old "employee" of Defendants and therefore protected from age discrimination by the FEHA.

31.    At all times herein mentioned, Plaintiff was qualified and competent to perform the duties of his position, and/or any other position which was available.

32.    Plaintiff is informed and believes and based thereon alleges that because of his age, Defendants terminated Plaintiff's employment.

33.    As such, Defendants' termination of Plaintiff was in violation of the FEHA. Defendants knew that Plaintiff was a 60-year-old employee. Plaintiff's age was a substantial motivating reason for Defendants' decision to terminate Plaintiff.  Plaintiff was harmed, and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

34.    As a result of Defendants' age discrimination of Plaintiff, he has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe

-6-

## COMPLAINT FOR DAMAGES

emotional and physical distress, the exact amount of which will be proven at trial.

35.    Defendants and each of them acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages which will be proven at trial.

36.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code § 12965(b).

37.    The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants.   In addition, Defendants had in place policies and procedures that specifically prohibited discrimination based on age, and required Defendants' managers, officers, and agents to prevent age discrimination.  However, Defendants chose to consciously and willfully ignore said policies.

38.    Therefore, Defendants conduct was outrageous, malicious, oppressive, and done in wanton disregard for the rights of Plaintiff and other older employees. Each Defendant aided, abetted, participated, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged herein. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### HARASSMENT ON THE BASIS OF AGE IN VIOLATION OF FEHA

### (AGAINST ALL DEFENDANTS)

39.    Plaintiff re-alleges each and every allegation set forth in the preceding paragraphs and incorporates each by reference as set forth in full herein.

40.    At all relevant times mentioned herein, the FEHA was in full force and effect and binding on Defendants.

41.    Govt. Code § 12940(j) makes it unlawful for an employer to harass an employee due to the employee's, without limitation, age.

42.    Plaintiff is, and at all times herein mentioned was, a 60-year-old "employee" of

-7-
COMPLAINT FOR DAMAGES

Defendants and therefore protected from age harassment by the FEHA.

43.    Plaintiff was subjected to harassing conduct because of his heightened age, and this harassment was sufficiently severe and/or pervasive to alter the material conditions of Plaintiff's employment with Defendants.

44.    Plaintiff is informed and believes and thereon alleges that he—and any reasonable person in his circumstances would have—considered Defendants' work environment to be hostile, intimidating, offensive, and/or abusive.

45.    As such, Defendants' harassment of Plaintiff was in violation of the FEHA. Defendants knew that Plaintiff was a 60-year-old employee. Plaintiff's age was a substantial motivating reason for Defendants' decision to harass Plaintiff. Plaintiff was harmed, and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

46.    As a result of Defendants' age harassment of Plaintiff, he has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

47.    Defendants and each of them acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages which will be proven at trial.

48.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code § 12965(b).

49.    The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants.  In addition, Defendants had in place policies and procedures that specifically prohibited harassment based on age, and required Defendants' managers, officers, and agents to prevent age harassment.  However, Defendants chose to consciously and willfully ignore said policies.

50.    Therefore, Defendants conduct was outrageous, malicious, oppressive, and done in wanton disregard for the rights of Plaintiff and other older employees. Each Defendant aided, abetted,

-8-

**COMPLAINT FOR DAMAGES**

participated, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged herein. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## RETALIATION IN VIOLATION OF FEHA

### (AGAINST ALL DEFENDANTS)

51. Plaintiff re-alleges each and every allegation set forth in the preceding paragraphs and incorporates each by reference as set forth in full herein.

52. At all relevant times mentioned herein, the FEHA was in full force and effect and binding on Defendants.

53. Govt. Code § 12940(h) makes it unlawful for an employer to retaliate against an employee because of the employee's opposition to any practices forbidden by FEHA, including, but not limited to, opposing employment practices that the employee reasonably believes exist and further believes are in violation of FEHA, as well as participating in any activity that the employer perceives as being in opposition to discrimination, whether intended or not by the employee expressing opposition. Govt. Code § 12940(h) also makes it unlawful for an employer to retaliate against an employee for requesting accommodation, regardless of whether the request was granted.

54. Defendants' conduct in terminating Plaintiff's employment as alleged above constituted unlawful retaliation in violation of the FEHA. Plaintiff was retaliated against and ultimately terminated for practicing his rights under the FEHA.

55. As a direct, foreseeable, legal and proximate result of Defendants' retaliatory conduct, acts, or omissions, as herein alleged, Plaintiff has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

56. As a further direct, foreseeable, legal and proximate result of Defendants' retaliatory conduct, acts, or omissions, as herein alleged, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and costs, entitling him to reimbursement of same pursuant to Govt. Code § 12965(b), in an amount to be proven at trial.

**COMPLAINT FOR DAMAGES**

57.    Furthermore, Defendants committed the retaliatory acts and/or omissions described and alleged herein, deliberately, intentionally, oppressively, fraudulently, maliciously and in conscious disregard for Plaintiff's rights and safety.  As such, Defendants acted in a willful and intentional manner and their conduct, as herein set forth, was and continues to be despicable, malicious and outrageous in that they caused Plaintiff to needlessly suffer cruel and unjust hardship. Therefore, Defendants' retaliatory conduct, justifies an award of punitive damages in an amount sufficient to deter them from ever engaging in such conduct again. Punitive and exemplary damages are further warranted to deter other employers who are similarly situation to Defendants from also behaving in the same manner.

## FOURTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF LABOR CODE §§ 1102.5 & 6310

## (AGAINST ALL DEFENDANTS)

58.    Plaintiff re-alleges each and every allegation set forth in the preceding paragraphs and incorporates each by reference as set forth in full herein.

59.    Labor Code § 1102.5 prohibits retaliation against any employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, or to a superior in the employer's organization, so long as the employee has reasonable cause to believe that the information discloses a violation of law or regulation.

60.    Similarly, Labor Code § 6310 et seq. makes it is unlawful to terminate an employee for complaining about health and safety issues in the workplace, or out of apprehension that that person might complain to governmental authorities about such issues. (*Hentzel v. Singer Co.* (1982)138 Cal.App.3d 290; *Lujan v. Minagar*, (2004) 124 Cal.App.4th 1040.)

61.    As alleged herein, Defendants knew and/or believed that Plaintiff might, may or did disclose to a law enforcement/government agency, or an employee with authority over Plaintiff or authority to investigate, discover, or correct the legal violations, including but not limited to violations of Labor Code §§ 6400-6401.

62.    As stated herein, Plaintiff also complained and/or provided information to Defendants

-10-

## COMPLAINT FOR DAMAGES

concerning Defendants' instructions to Plaintiff to, without limitation: (1) not complete the MSHA mandated daily "pre-shift inspection" on various occasions; and (2) sign trainee certificate forms when Plaintiff had not yet completed his training of the new employee(s).

63.    In retaliation for Plaintiff's disclosures of unlawful and/or health and safety issues as alleged herein above, Defendants allowed him to be harassed, discriminated against and retaliated against by employees and supervisors and ultimately terminated Plaintiff in violation of Labor Code §§ 1102.5 and 6310 *et seq.* When Plaintiff was terminated, Plaintiff's internal complaints and possible disclosure of information concerning Defendants' non-compliance with the law (including but not limited to the MSHA) to outside agencies was a contributing factor in Defendants' decision to discharge Plaintiff.

64.    By the acts herein alleged in violation of Labor Code §§ 1102.5 and 6310 *et seq.*, Defendants' conduct and polices/practices sought to prevent Plaintiff from disclosing information to government and/or law enforcement agencies. Plaintiff had reasonable cause to believe that Defendants were violating California law and related regulations.

65.    Defendants' conduct as alleged herein was a substantial factor causing harm to Plaintiff. Plaintiff has been directly and legally caused to suffer actual damages pursuant to Civil Code § 3333 including, but not limited to, loss of earnings/wages, and future earning capacity, incidental and consequential damages, attorneys' fees, and other pecuniary loss based on proof at the time of trial.

66.    As a result of Defendants' whistleblower retaliation, and his resulting termination, Plaintiff has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

67.    The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures that specifically prohibited whistleblower discrimination and/or retaliation and required Defendants' managers, officers, and agents to prevent whistleblower discrimination and/or retaliation. However, Defendants chose to consciously and willfully ignore said policies. Therefore, Defendants conduct

-11-

**COMPLAINT FOR DAMAGES**

was outrageous, malicious, oppressive and done in wanton disregard for the rights of Plaintiff and other whistleblower employees. Each Defendant aided, abetted, participated, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged herein. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be determined at trial.

68.     As a result of the acts of Defendants as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs as specifically provided in Code of Civil Procedure §§ 1021.5 and/or 1102.5.

## FIFTH CAUSE OF ACTION

## WRONGFUL TERMINATION

## (AGAINST ALL DEFENDANTS)

69.     Plaintiff re-alleges each and every allegation set forth in the preceding paragraphs and incorporates each by reference as set forth in full herein.

70.     At all times relevant to this Complaint, the FEHA and Labor Codes §§ 1102.5 and 6310 were in full force and effect and binding upon Defendants. The FEHA prohibits employers from discharging or otherwise discriminating or retaliating against an employee on the basis of age in compensation, terms, conditions, or privileges of employment. Cal. Gov't Code § 12940(a).

71.     The FEHA and Labor Codes §§ 1102.5 and 6310 reflect the fundamental public policies of the State of California. These public policies are designed to prevent discrimination and retaliation.

72.     The actions of Defendants in terminating Plaintiff on the grounds alleged herein were wrongful and in direct contravention of the fundamental public policies of the State of California and the California Constitution.

73.     As a proximate result of the aforementioned acts and omissions of Defendants, Plaintiff has suffered actual, consequential, and incidental financial losses, including loss of wages and employee benefits, and the intangible loss of employment-related opportunities, and future employment in his profession.

74.     As a result of Defendants' wrongful termination of Plaintiff, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur

-12-

**COMPLAINT FOR DAMAGES**

attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5.

**SIXTH CAUSE OF ACTION**

**UNFAIR COMPETITION LAW**

**(AGAINST ALL DEFENDANTS)**

75.    The conduct of Defendants alleged herein, including but not limited to Defendants' termination of Plaintiff in violation of public policy and Labor Codes §§ 1102.5 and 6310, discrimination based on his age in violation of FEHA, and retaliation for exercising his rights, constitute false, unfair, fraudulent and deceptive business practices within the meaning of the Unfair Competition Law (Bus. & Prof. Code §§ 17200 et seq., hereinafter "UCL".)

76.    Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

77.    As a result of their unlawful acts, Defendants should be enjoined from the herein described conduct and restore to Plaintiff his wrongfully-withheld compensation pursuant to Business & Professions Code § 17203. Plaintiff is informed and believes and based thereon alleges that Defendants are unjustly enriched by their unlawful conduct and business practices as alleged herein.

78.    As a direct and proximate result of the unfair business practices of Defendants, Plaintiff is entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from Plaintiff as a result of the business acts and practices described herein, and enjoining Defendant to cease and desist from engaging in the practices described herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against all Defendants as follows:

A.    As to the First through Third Causes of Action:

a.    Compensatory damages according to proof at trial;

b.    General and special damages in order to compensate Plaintiff for loss of job security,

-13-

**COMPLAINT FOR DAMAGES**

failure to properly advance within his career, damage to reputation, expenses and physical, mental and emotional injuries according to proof at trial;

    c.    Exemplary and punitive damages according to proof at trial;

    d.    Reasonably attorneys' fees and costs pursuant to Government Code § 12965.

    e.    For expert witness fees pursuant to FEHA;

    f.    Prejudgment and post judgment interest; and

    g.    Any other relief the court deems just and proper.

    **B.**    **As to the Fourth Cause of Action:**

    a.    Compensatory damages according to proof at trial;

    b.    General and special damages for mental and emotional injuries according to proof at trial;

    c.    Exemplary and punitive damages according to proof at trial;

    d.    Reasonable attorneys' fees and costs under Code of Civil Procedure §§ 1021.5 and 1102.5;

    e.    Prejudgment and post judgment interest; and

    f.    Any other relief the court deems proper.

    **C.**    **As to the Fifth Cause of Action:**

    a.    Compensatory damages according to proof at trial;

    b.    General and special damages for mental and emotional injuries according to proof at trial;

    c.    Exemplary and punitive damages according to proof at trial;

    d.    Reasonable attorneys' fees and costs under Code of Civil Procedure § 1021.5;

    e.    Prejudgment and post judgment interest; and

    f.    Any other relief the court deems just and proper.

    **D.**    **As to the Sixth Cause of Action:**

    a.    For preliminary and permanent injunctions pursuant to Business & Professions Code § 17203, enjoining and restraining Defendants from continuing the unlawful and unfair business practices set forth above and requiring the establishment of appropriate and effective means to

-14-

**COMPLAINT FOR DAMAGES**

prevent future violations;

b.    For restitution of wages and benefits due which were acquired by means of any unfair business practice, according to proof; and

c.    Any other relief the court deems proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff herein demands a trial by jury.

Dated: September 1, 2023

FALAKASSA LAW P.C.
BOKHOUR LAW GROUP, P.C.

By:
Joshua S. Falakassa, Esq.
Mehrdad Bokhour, Esq.
Zachary Cavanagh, Esq.
Attorneys for Plaintiff,
RONALD LEWIS

-15-
**COMPLAINT FOR DAMAGES**